IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDREW B., | : | CIVIL ACTION |
|     Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| FRANK BISIGNANO, | : | No. 24-cv-3413 |
| *Commissioner, Social Security* | : | |
| *Administration*, | : | |
|     Defendant. | : | |

### MEMORANDUM OPINION

**CRAIG M. STRAW**                                                                                               December 1, 2025
**United States Magistrate Judge**

      Plaintiff filed an application for Social Security benefits, which was initially denied at the administrative level. Plaintiff then challenged the denial of benefits in federal court. After Plaintiff filed his Request for Review, the Commissioner filed an unopposed motion to remand, which was granted. The case was remanded for further administrative proceedings. The ALJ found on remand that Plaintiff was disabled and awarded him past-due benefits.

      Before the Court is attorney Joseph B. Silver's[1] motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b). For the reasons set forth below, I grant the motion, in part, and deny the motion, in part.

**I.**     **PROCEDURAL HISTORY**

      Plaintiff applied for disability insurance ("DIB") benefits on July 18, 2022, with an alleged onset date beginning March 12, 2020. R. 14. The claim was initially denied and was

---

[1] Plaintiff, through his attorneys, moves for attorney's fees, however, it is clear from the motion that Plaintiff's attorney, Mr. Silver, is the party seeking relief. Doc. 15, at 7, 10.

again denied on reconsideration. Id. After a telephone hearing, the ALJ denied Plaintiff's claim for benefits in a decision issued February 26, 2024. R. 14, 36. Plaintiff sought review of the decision with the Appeals Council, which denied the request. Id. at 1-3. Therefore, the ALJ's decision became the final decision of the Social Security Commissioner. Id. at 2; 20 C.F.R. § 404.981.

On July 29, 2024, Plaintiff initiated a civil action in this Court requesting review of the Commissioner's final decision. Doc. 1. Plaintiff filed his Brief and Statement in Support of Request for Review and, in response, Defendant filed an Uncontested Motion to Remand. Docs. 6 & 9. On December 17, 2024, the motion was granted, and the case was remanded for further administrative proceedings. Doc. 10. On January 6, 2025, the Court entered an order directing Defendant to pay Silver's firm $5,684.00 in attorney's fees and $405.00 in costs under the Equal Access to Justice Act (EAJA)[2] for the work he performed in the federal action resulting in the remand. Doc. 14.

On remand, Plaintiff was awarded past-due benefits. Doc. 15, at 9. On October 13, 2025, Silver filed a motion for an award of attorney's fees under 42 U.S.C. § 406(b). Doc. 15. Although the Notice of Award did not indicate the amount withheld for attorney's fees, counsel calculated the amount of past due benefits from July 2021 to July 2025 as $150,002.00. Doc. 15, at 10. Silver seeks 25% of that amount or $37,500 in attorney's fees.[3] Id. Counsel clarifies in his § 406(b) motion that he seeks $37,500.00 in fees minus the $5,684.00 already awarded under the EAJA. Id. On October 22, 2025, the Commissioner responded it has no direct financial

---

[2] 28 U.S.C. § 2412.
[3] The Commissioner confirms the amount of attorney's fees requested is 25% of past due benefits. Doc. 16, at 2, n.3.

stake in the outcome of the motion so it "neither supports nor opposes counsel's request . . . ." Doc. 16, at 1-2.

## II.   LEGAL STANDARD

The relevant provision of the Social Security Act provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter [i.e., Title II] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such a representation, not in excess of 25 percent of the total of the past-due benefits . . . .

42 U.S.C. § 406(b)(1)(A). Even when the fee does not exceed the 25% threshold, the Court must still assure that the attorney does not receive a "windfall." Gisbrecht v. Barnhart, 535 U.S. 789, 808 (2002). As part of that assessment, the Court will independently consider the reasonableness of the award. Id. at 807, n.17. The attorney seeking the fee award has the burden to prove the request is reasonable. Id.

Relevant factors to assess the reasonableness of an award may include but are not limited to any delay for which the attorney is responsible, whether the benefits are large in comparison to the time counsel spent on the case, and counsel's experience. See Risser v. Kijakazi, No. 18-4758, 2022 WL 1308512, at *2 (E.D. Pa. May 2, 2022) (citing Gisbrecht, 535 U.S. at 808); Mignone v. Comm'r of Soc. Sec., No. 13-cv-6054, 2018 WL 259949, at *1 (D.N.J. Jan. 2, 2018). The Court can also account for the inherent risk of accepting Social Security cases on a contingent basis. See, e.g., Tschudy v. Comm'r of Soc. Sec., No. 18-3424, 2020 WL 3316403, at *1 (D.N.J. June 18, 2020) (citing risk inherent in taking cases on contingency basis as one factor to consider when determining reasonableness of award). Finally, the Court may evaluate the number of hours counsel spent representing the claimant and counsel's normal hourly rate.

See Shackles v. Barnhart, No. 04-cv-0822, 2006 WL 680960, at *1 (E.D. Pa. March 15, 2006); Tschudy, 2020 WL 3316403, at *1.  A downward adjustment in attorney's fees may be warranted "[i]f the benefits are large in comparison to the amount of time counsel spent on the case." Gisbrecht, 535 U.S. at 808 (citations omitted).

In Social Security cases, attorney's fees may be awarded under both the EAJA and § 406(b), but the claimant's attorney must "refun[d] to the claimant the amount of the smaller fee." Id. at 796; see also Hall v. Astrue, 868 F. Supp. 2d. 461, 464, n.1 (E.D. Pa. June 18, 2012) (stating when counsel awarded fees under EAJA and 42 U.S.C. § 406(b), counsel is required to remit smaller EAJA award directly to Plaintiff).

### III.  DISCUSSION

Silver seeks $37,500.00 in attorney's fees pursuant to his agreement with Plaintiff.  Doc. 15, at 5.  The retainer and assignment agreement Plaintiff signed provides that if he "is awarded past due benefits by the Appeals Council or by an Administrative Law Judge following additional proceedings, the law firm may apply for fees under 42 U.S.C. § 406(a) and/or § 406(b).  **The combined amount of these fees will not exceed 25% of any back due benefits due to me and my family**."  Doc. 15-1, at 1.  The motion states that if counsel is awarded the $37,500.00 in attorney's fees, counsel will remit the previously awarded EAJA award of $5,684.00 directly to Plaintiff.  Doc. 15, at 7.  The de facto hourly rate Silver requests—based on the $37,5000.00 fee award he seeks for 21.80 hours of work—is $1,720.18 hourly, or $1,459.45 hourly (after deducting EAJA fee award that will be returned to Plaintiff).

Several factors weigh in favor of the award.  No delay can be attributed to Silver in this case.  He has substantial legal experience in the field and undertook risk by taking on a social

4

security case. See, e.g., Risser, 2022 WL 1308512, at *2; Tschudy, 2020 WL 316403, at *1.

Nevertheless, the hourly rate requested for the work he has conducted is steep. Silver's regular hourly rate is $350, and even using the lower $1,459.45 hourly rate, Silver seeks to recover three times more than his regular rate for the work in this case. Doc. 12, at 8. While Silver is correct that this Court has approved rates of $1,155.69 and $1,149.90, respectively, he does not cite any cases from this Circuit explicitly approving rates in the hourly range of $1,720.18 or $1,459.45. See, e.g., Gonzales v. Comm'r Soc. Sec., No. 10-3735, 2017 WL 6513349, at *2-*3, n. (D.N.J. 2017) (finding de facto hourly fee of $1,149.90 (or $992.82 after EAJA fees were subtracted) was not unreasonable windfall when attorney's regular hourly rate was $525, he took on very difficult case with outstanding results, and recovered disability benefits for widow and children); Wilson v. Astrue, 622 F. Supp. 2d 132, 133-34 (D. Del. 2008) (approving fee award resulting in hourly rate of $1,155.69 for experienced social security attorney who obtained favorable result in difficult case after Plaintiff had unsuccessfully spent six years trying to win benefits from Social Security Administration); see also Perez v. Barnhart, No. 02-3779, 2006 WL 781899, at *2 (E.D. Pa. March 23, 2006) (reducing overall fee award from $17,712.11 to $11,080.61 for resulting de facto hourly rate of $644.22 which included EAJA fee deduction). Importantly, most of the out of Circuit cases Silver cited approving higher rates involved extraordinary circumstances justifying the higher rate or were cases when the attorney had already voluntarily reduced his or her requested fee before requesting the higher hourly rate. See, e.g., Wattles v. Comm'r of Soc. Sec., No. 10-cv-2108, 2012 WL 169967, at *1-*2 (C.D. Ill. Jan. 18, 2012) (approving total fee award of $20,000, or hourly rate of $3,125.00 (or $2,500,00 hourly rate after EAJA award was returned) when attorney had already voluntarily

5

reduced attorney's fees sought before motion was filed from $45,450,50 to $20,000, despite fee agreement allowing up to 25% of past-due benefits); Kazanjian v. Astrue, No. 09 civ. 3678, 2011 WL 2847439, at *1-*2 (E.D.N.Y. July 15, 2011) (awarding fee with $2,100 hourly rate when attorney recovered $192,256.00 in benefits and billed fewer than 20 hours for "remarkably" effective work including drafting fact-specific complaint, moving brief, and reply brief for case with three administrative hearings); Claypool v. Barnhart, 294 F. Supp. 2d 829, 832-34 (S.D. W. Va. Oct. 9, 2003) (upholding total fee award of $18,000 or $1,433.00 hourly when fee award was only 9% of benefits awarded (once EAJA fees were deducted) after attorney voluntarily reduced his request from 25% of $50,000 to avoid windfall). The high hourly rate of the award Silver seeks weighs against finding the fees requested are reasonable. See Shackles, 2006 WL 680960, at *1.

  Moreover, even though the fee requested is within the 25% statutory limit, the Court questions whether it is reasonable based on the time spent on the case and the benefits awarded. See Risser, 2022 WL 1308512, at *2. Specifically, Silver drafted a boilerplate complaint and a 17-page brief that addressed fairly straightforward issues on appeal. Docs. 1 & 6. After the brief was filed, the Commissioner filed an unopposed motion to remand. Doc. 9. Silver did not file any additional documents in the federal action except for the EAJA and § 406(b) motions for attorney's fees. Silver's full representation of Plaintiff in federal court spanned only about five months and almost twenty-one hours before the Court granted Commissioner's unopposed motion to remand. Thus, the benefits are quite large compared to the time counsel spent working on the case. This factor also weighs against finding the award is reasonable. See, e.g., Ellick v. Barnhart, 445 F. Supp. 2d 1166, 1173-74 (C.D. Cal. 2006) (reducing hourly award from two-and

a-half times de facto rate of attorney and paralegal down to $550 for counsel and $238.63 for paralegal when counsel spent little time on case and issues briefed were neither novel nor complex).

The Court finds a downward adjustment is warranted here. See Gisbrecht, 535 U.S. at 808. Accordingly, the Court will reduce Silver's total fee award of $37,500—25% of the total benefits—to 20% of the total benefits for an award amount of $30,000.40. The de facto hourly rate for Silver's 21.80 hours of work after the reduction to 20% is $1,376.15 (without accounting for the returned EAJA fees) and $1,115.43 per hour (accounting for the return of the $5,684.00 EAJA fees)—both of which remain on the very high side of what courts in this Circuit have allowed for § 406(b) fee awards. See, e.g., Wilson, 622 F. Supp. 2d at 133-34; Gonzales, 2017 WL 6513349, at *2-*3; Perez, 2006 WL 781899, at *2.

IV. **CONCLUSION**

Plaintiff's Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b) (Doc. 15) is **GRANTED in part, and DENIED, in part**. Silver's attorney's fee award pursuant to § 406(b) is reduced from $37,500.00 to $30,000.40. Silver is directed to remit the previously paid EAJA award of $5,684.00 directly to Plaintiff upon receipt of the sum of $30,000.40. An appropriate order follows.

BY THE COURT:

/s/ Craig M. Straw
CRAIG M. STRAW
U.S. Magistrate Judge